SWANEE FABRICS, INC., Plaintiff, *v.* AMERICAN BLEACHED GOODS COMPANY, INC., Defendant.

City Court of New York, New York County. July 17, 1942.

*Bondy & Schloss*, for the plaintiff.

*David W. Kahn* [*Nathan Siegel* of counsel], for the defendant.

COLEMAN, J. This is an action to recover the difference between the contract price of certain rayon goods sold by the plaintiff to the defendant and the ceiling price fixed by the Price Administrator, pursuant to Executive Order No. 8734 of the President of April 11, 1941. Each side moves for summary judgment.

On August 23, 1941, the Price Administrator issued the following direction: " § 1337.11. Maximum prices for rayon grey goods. On and after August 25, 1941, regardless of the terms of any contract of sale or purchase, or other commitment, no person shall sell, offer to sell, deliver or transfer, rayon grey goods of the constructions enumerated in Appendix A hereof, incorporated herein as § 1337.22, and no person shall buy, offer to buy or accept delivery of rayon grey goods of such enumerated constructions, at prices higher than the maximum prices set forth in Appendix A."

The contract price of the goods involved in this action was higher by $2,771.68 than the maximum price fixed in this order. The contract of sale was made August 18, 1941. It provided for the sale of goods f. o. b. a North Carolina mill, to be delivered immediately, " Ship to Glenlyon Print Works, Phillipsdale, R. I." The merchandise was sent without delay to the Rhode Island plant where it arrived August 22, but consigned to the seller. An invoice covering the goods and dated August eighteenth was mailed by the seller to the purchaser on August 25, 1941. It stated that the merchandise was " released for your account at the Glenlyon Print Works, Phillipsdale, R. I." The same day, August 25, 1941, the seller wrote the Print Works in part as follows: " Will you kindly release the following twenty bales of Bemberg Triple Sheer in the greige, J. P. Stevens make (the goods involved in this action), which you are now holding for our account, to the account of American Bleached Goods Co. (purchaser). * * * All freight charges incurred in this shipment are to be charged to American Bleached Goods Co., direct."

This letter was received on August twenty-sixth.

Both sides agree that the order of the Price Administrator applies and that if there was no delivery before August twenty-fifth, the

defendant must prevail. The plaintiff argues that there was " delivery and acceptance " on August 22, when the goods arrived at the print works; the defendant that there was no delivery until the receipt by the print works on August twenty-sixth of the letter of August twenty-fifth.

It is unnecessary to consider the question whether under common-law concepts or under the common provisions of the Uniform Sales Act of New York or of Rhode Island, property in the goods or the right passed to the seller by appropriation to the contract, or whether by reason of the documents the seller reserved the right of property or of possession for limited purposes. (Pers. Prop. Law, §§ 99–101.) It may be as the defendant argues, that by delivering the goods at the Rhode Island plant on August twenty-second, it had done all that it was called on to do and that the goods thenceforth were the sellers. But, " the difficulty in dealing with this argument arises largely from the very great ambiguity attaching to the word ' delivery,' in both American and English cases. It has been used when it is evident that the true question was only whether the property had passed." (*Hallgarten* v. *Oldham*, 135 Mass. 1, 9, per HOLMES, J.) For adopting the language of the court in that case, " delivery," as used in the order of the Price Administrator, " is delivery in its natural sense, that is, a change of possession " (135 Mass. 1, 9). " Delivery " means voluntary transfer of possession from one person to another. (Pers. Prop. Law, § 156.) The order can have no other meaning; it refers to " delivery," notwithstanding any other commitment. The choice of terms must have been deliberate, as the order forbids a buyer to " accept delivery " at higher prices than those fixed. The Price Administrator could not concern himself with technical questions of reservation of title or of the right to possession or of symbolic delivery without at the same time opening up the question of intention between buyer and seller in every transaction, making enforcement difficult and introducing the possibility of easy evasion.

By this test there was no delivery until August twenty-sixth. Until that date the goods were at the print works for the seller's account. The seller, to be sure, had deposited them at the place designated by the buyer, but its hand was upon them, and it was not until August twenty-sixth that its hand was " released." The documents make it clear that not until that date did the buyer come into possession of the merchandise to its own purposes.

The plaintiff's motion for summary judgment is denied; that of the defendant is granted and the complaint is dismissed.

Order signed.